The majority in the present case has erred in finding that plaintiffs employment with defendant did not place him at an increased risk of being struck by lightning than that of the general public when the evidence of record supports a finding that plaintiff was indeed at a greater risk of exposure to lightning than the general pubhc. It is well-settled, and the majority so found, that where an injured employee is by reason of his employment peculiarly or specially exposed to risk of injury from lightning that is greater than other persons in the community, injury resulting from this source is usually compensable as an injury by accident arising out of and in the course of the employment. Pope v.Goodson, 249 N.C. 690, 692. 107 S.E.2d 524. 525 (1959) (emphasis added).
In the present case, plaintiff offered the following testimony under direct examination at hearing before the Deputy Commissioner regarding plaintiff's work for defendant as an HVAC installer:
 Q. Okay. And as part of your job, describe for the Court exactly what you do. Do you work mainly outside, inside?
A. Outside mostly.
Q. Okay.
A. Sometimes inside.
 Q. And does your job require you to — when you say you work outside, explain what exactly you do and where you go.
 A. Outside work can consist of setting condensing units, running refrigeration lines. Outside work, I'd also consider being underneath the house.
 Q. Okay. And on a regular day. about how much of your time is spent outdoors versus indoors?
A. About half.
Plaintiff further testified that he experienced a severe electric shock when lightning struck at or near an air handler with which plaintiff had contact while working underneath a house on August 4. 2000. He felt a surge of electricity go up his arm, was thrown off balance. and landed a few feet away.
Based on plaintiff's testimony, the undersigned finds that plaintiffs outdoor work as an HVAC installer, who routinely used metal tools when installing undoubtedly metal HVAC equipment, caused plaintiff to bepeculiarly or specially exposed to an increased risk of injury by lightning than that of the general public. See Pope at 692. Thus, the majority erred in finding that plaintiff's employment with defendant did not place him at an increased risk of being struck by lightning than that of the general public. Plaintiff should be awarded medical treatment for his compensable injury pursuant to N.C. Gen. Stat. § 97-25. For the reasons given herein. I respectfully dissent.
This 29th day of April 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER